PEOPLE v. WOOS.

1. Criminal Law—Felony—Right to Counsel—Due Process.
The import of 1963 decision of Supreme Court of the United States is that *any* felony prosecution in which an accused is not represented by counsel, and does not expressly waive benefit of counsel, does not fulfill the requirements of a "fair trial" and thus is a denial of due process (US Const, Am 14).

2. Same—Felony Prosecution—Right to Counsel—Time.
Right to counsel in any felony prosecution, unless expressly waived, applies as well to prosecutions before 1963 decision of Supreme Court of the United States confirming such right as to prosecutions after such decision.

References for Points in Headnotes
[1-3] 21 Am Jur 2d, Criminal Law §§ 312, 316, 318, 319; 16 Am Jur 2d, Constitutional Law § 573.

3. SAME—MURDER—RIGHT TO COUNSEL—NEW TRIAL.

    Defendant who was sentenced to life imprisonment for first-degree murder upon his plea of guilty in 1944, not represented by counsel, and never, at any time from arrest to sentencing, informed of his right to counsel or that the court would appoint counsel for him on request, *held,* entitled to new trial (CL 1929, § 16708).

Appeal from Bay; Dardas (Leon R.), J. Submitted Division 3 June 7, 1966, at Grand Rapids. (Docket No. 1,154.) Decided January 24, 1967. Leave to appeal denied by Supreme Court June 8, 1967. See 379 Mich 766.

John H. Woos was convicted of murder in the first degree. Defendant's delayed motion for new trial denied. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin B. Legatz,* Prosecuting Attorney, and *James G. Orford,* Assistant Prosecuting Attorney, for the people.

*Ira W. Butterfield,* for defendant.

HOFFIUS, J. John H. Woos appeals from the trial court's denial of a motion to withdraw his guilty plea and for new trial. He pleaded guilty in 1944 to murder, and the trial judge determined it to be first degree[1] as it was committed in the course of an armed robbery.

Defendant's primary claim of appeal is that he did not have counsel and was not advised of his right to have counsel. The arraignment proceedings on February 7, 1944 were transcribed as follows:

    *"Prosecutor.* How do you plead?
    *"Defendant.* Guilty.

[1] CL 1929, § 16708. See, currently, CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

*"The Court.* You plead guilty?

*"Defendant.* Yes, sir.

*"The Court.* Do you understand fully the nature of the charge made against you?

*"Defendant.* Yes, sir.

*"The Court.* You have been through court proceedings before?

*"Defendant.* Yes, sir.

*"The Court.* You are making this plea voluntarily, of your own free will?

*"Defendant.* Yes, sir.

*"The Court.* No promises have been made to you or any threats made against you, to induce you to plead guilty?

*"Defendant.* No, sir.

*"The Court.* And you did, in fact, kill Floyd Ackerman?

*"Defendant.* Yes, sir."

The trial court, 3 days later, held a hearing to determine the degree of the crime. Defendant was not represented by counsel. From arrest to sentencing, defendant was never informed of his right to counsel or that the court would appoint counsel for him upon request.

The Supreme Court of Michigan, since *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L ed 2d 799, 93 ALR2d 733), has had occasion to determine the retroactive effect of *Gideon, supra.* *In re Palmer* (1963), 371 Mich 656, involved a murder plea which was made in 1942. The Court stated at pp 662, 663 that *"Gideon* now requires State trial judges to inform defendants charged with felonies of their right to counsel, and if indigent appoint counsel, unless there is an express waiver." The Court concluded on p 666:

"This Court need no longer speculate as to whether *Gideon* will be retroactively applied to pre-*Gideon* cases. Justice Harlan's dissenting opinion

clearly indicates this is the intent of the United States Supreme Court.

. "The import of *Gideon* is that *any* felony prosecution in which an accused is not represented by counsel, and does not expressly waive benefit of counsel, does not fulfill the requirements of a 'fair trial' and thus is a denial of due process.

"We, therefore, conclude *Gideon* is applicable to the instant case."

The decision in *In re Palmer, supra,* controls the outcome of this appeal.

Judgment reversed and cause remanded for further proceedings.

HOLBROOK, P. J., and BURNS, J., concurred.